**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON**

DIANA STARKWEATHER,

**CIVIL ACTION NO.** 3:23-cv-00777

    **Plaintiff,**

**v.**

**SUNCOKE ENERGY, INC,**

    **Defendant.**

## COMPLAINT

    This is an action under federal and West Virginia law to make whole and compensate the Plaintiff, Diana Starkweather, for the unlawful actions and employment practices of the Defendant, SunCoke Energy, Inc. Plaintiff contends the Defendant unlawfully failed to provide her with the required, legal "rights and responsibilities" notice under the Family and Medical Leave Act of 1993 [FMLA], 29 USC §2601 et seq. Despite having clear and sufficient notice of Ms. Starkweather's anxiety and depression, the symptoms of which she often presented with in the course of her employment, the Defendant dismissed the seriousness of Ms. Starkweather's medical condition affecting her mental state, and rather than determine an appropriate, reasonable accommodation, abruptly decided to terminate her. In so doing, the Defendant also discriminated against Ms. Starkweather in violation of the West Virginia Human Rights Act (WVHRA) (W. Va. Code §5-11-9, et seq.). Plaintiff seeks all available relief under the FMLA, the WVHRA, and the common law of West Virginia.

### PARTIES

1. Plaintiff, Diana Starkweather, is and, at all times alleged, was a citizen and resident of Cabell County, West Virginia. Until her abrupt and unexpected termination, Ms. Starkweather held a management position with Defendant for several years.

2. Defendant, SunCoke Energy, Inc., engages in the production of coke, a key component used to produce steel. Defendant is incorporated in Delaware and conducts regular business in West Virginia.

3.  At all times alleged, Defendant acted through its agents, employees, supervisors, directors, officers and assigns and within the full scope of agency, office, employment, or assignment.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this civil action under Article III, §2 of the United States Constitution and 28 U.S.C. §1331 (federal question jurisdiction/FMLA).

5. Venue is appropriate in this case under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred in Cabell County, West Virginia which is in the Southern District of West Virginia.

**ALLEGATIONS OF FACT**

6. In 2013, Ms. Starkweather began employment with Defendant..

7. Over the next decade, Ms. Starkweather met and exceeded the expectations of Defendant, and performed her duties satisfactorily or better. Beginning in 2019, Ms. Starkweather began working continuously from her home in Cabell County, West Virginia, and in 2021, the Defendant assigned Ceredo, West Virginia as Ms. Starkweather's company office location.

8. As part of her job duties, Ms. Starkweather remotely supervised plant environmental managers across the country, traveled to said plants, covered multiple vacant positions while fulfilling her job's responsibilities, initiated and implemented numerous improvement projects, trained and mentored staff, acted as a liaison between the government and Defendant, and completed any other work as requested.

9. During her employment, the Defendant promoted Ms. Starkweather four (4) times, and it never issued her any reprimand of her performance.

10. When assessing Ms. Starkweather's work, the Defendant routinely determined her performance met its expectations or better.

11. Over the past several years of her employment, Ms. Starkweather had a diagnosis of anxiety and depression, which required her to take medications and regularly attend therapy.

12. During her employment, Ms. Starkweather openly discussed that she attended therapy for her mental health with employees of the Defendant.

13. In the past year, Ms. Starkweather suffered serious episodes of extreme anxiety, which manifested themselves during and after her work hours and in the presence of her co-workers and supervisor.

14. In specific, Ms. Starkweather recalls having an anxiety attack that her immediate supervisor characterized as a "meltdown."

15. Given the manifestations of her anxiety in the workplace and plaintiff's notification to her supervisor and human resources department that she was having health issues in relation to conditions at work, the Defendant knew or had reason to know that Ms. Starkweather's anxiety caused her difficulties and required a reasonable accommodation or at least an interactive discussion concerning the potential implementation of the same.

16. In October 2023, Ms. Starkweather's immediate supervisor told her that she knew Ms. Starkweather's anxiety was causing her stress and affecting her health.

17. Shortly before her termination, Ms. Starkweather notified her supervisor of the work conditions that were causing her health issues. Ms. Starkweather attempted to initiate a conversation with her supervisor about accommodations to adjust the communication methods

and modalities regarding her work, such as providing more frequent communication and modifying certain supervisory measures, in order to mitigate the factors that were causing her anxiety and depression at work.

18. Plaintiff's supervisor scheduled a meeting to further discuss the matter, was grateful that Ms. Starkweather had raised her concerns, and told her that she and her boss had just been discussing what a valued member of the team Ms. Starkweather was. However, days before that meeting was to occur, Ms. Starkweather's immediate supervisor unexpectedly suggested Plaintiff should resign. Ms. Starkweather's supervisor told Plaintiff that nothing was going to change. Although Defendant knew Ms. Starkweather had a serious health condition/disability, rather than make any attempt to determine if a reasonable accommodation existed to address the work conditions that were causing Ms. Starkweather's anxiety and depression, the Defendant recklessly decided to fire her.

19. In terminating Ms. Starkweather, Defendant told her that there was no issue with her performance, and opined that she was no longer a good fit for her job because it was too busy to consider accommodation of  Ms. Starkweather's mental health issues and their effect on her work.

20. On October 27, 2023, just days after Ms. Starkweather had inquired about reasonable accommodations for her anxiety, the Defendant terminated her and caused her damages for which she seeks relief as set forth below.

**COUNT I: INTERFERENCE WITH RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT**

21. Plaintiff incorporates the previous paragraphs as if set forth herein.

22. Plaintiff was qualified and eligible to take leave under the FMLA for her serious health condition, anxiety.

23. Prior to and at the time when she first became eligible for FMLA leave, Plaintiff had been employed by Defendant longer than twelve (12) months and had worked at least twelve hundred fifty (1250) hours of service for Defendant over her past year (12 months) of employment.

24. Defendant is and was a covered employer under the FMLA, and employs 50 (fifty) or more employees within 75 miles of the location where Plaintiff was employed.

25. The Defendant knew Plaintiff required FMLA for her serious health condition (anxiety), and unlawfully refused to issue any individual, rights-and-responsibilities notice to Plaintiff of her FMLA rights and obligations.

26. Defendant's above actions constitute an interference with Plaintiff's exercise and use of her rights under the FMLA because Defendant unreasonably discouraged and prevented Plaintiff from exercising her right to FMLA leave when she wished to use it.

27. The Defendant's actions discouraged Plaintiff from applying for and receiving FMLA leave and resulted in prejudice to Plaintiff and impairment of her exercise of FMLA.

28. Defendant's actions against Plaintiff were reckless and in deliberate disregard of Plaintiff's rights under the FMLA including, but not limited to, her right to protected leave to care for her serious health condition, anxiety.

29. In refusing to allow Plaintiff to continue working and failing to provide her with individual rights-and-responsibilities notice, the Defendant interfered with and violated Plaintiff's rights under the FMLA, and she seeks relief as outlined in the prayer.

## COUNT II: DISABILITY DISCRIMINATION

30. Plaintiff incorporates the previous paragraphs as if set forth here.

31. Plaintiff is a qualified person with a disability under the West Virginia Human Rights Act

(W. Va. Code §5-11-9, et seq.).

32. At all times during her employment, Plaintiff had a diagnosis of anxiety and depression that

substantially limited certain major life activities including, but not limited to concentration and

focus on daily tasks and work assignments.

33. In the alternative, Defendant and its agents regarded Plaintiff as having an impairment that

substantially limited one or more of her major life activities.

34. At all times alleged, the Plaintiff is and was qualified for the original job she held with the

Defendant because Plaintiff satisfied the skill, experience, and other job-related requirements for

the position she held, and she was and is able to perform the essential functions of her job, with

or without reasonable accommodation.

35. Defendant took adverse action against Plaintiff when (1) it refused to engage in a meaningful,

interactive communication process designed to determine a reasonable accommodation for her;

and (2) it terminated her.

36. Plaintiff's status as a person with a disability is and was a motivating factor in Defendant's

decision to take the above-referenced adverse actions against her.

37. The West Virginia Human Rights Act does not mandate that an employee's

request for an accommodation be in writing; rather, as the U.S. Equal Employment

Opportunity Commission explains, under the ADA, the disability accommodation process

is informal, and accommodations may result from the course of verbal communication and

acts between the employer and the employee. See, e.g., EEO Enforcement Guidance,

https://www.eeoc.gov/laws/guidance/enforcement-guidance-reasonable-accommodation-and-undue-hardship-under-ada (Question 3) (Last accessed November 26, 2023).

38. Any reason alleged by Defendant for its above-referenced, adverse action against Plaintiff, is pretext for the real reason, namely, the intentional discrimination by Defendant against the Plaintiff based on her status as a person with a disability and/or her having required treatment for her disability or her having required a reasonable accommodation for her disability.

39. As a direct and/or proximate result of the intentional discriminatory acts and practices of Defendant, the Plaintiff has suffered and continues to suffer injury including, but not limited to, past and future loss of income and other benefits of employment, pain and suffering, mental anguish, humiliation, embarrassment, and damage to her reputation, as well as other past and future pecuniary losses.

40. Defendant knew or reasonably should have known that its actions against Plaintiff were false, wanton, willful, malicious, and intended to solely harm her and were indifferent to Plaintiff's rights under the West Virginia Human Rights Act. Wherefore, Plaintiff requests punitive damages and the relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment as follows:

On Count I, grant Plaintiff back wages, liquidated damages or front pay, the costs of litigation, including court costs, expert witness fees, reasonable attorney fees, and all other relief available under the FMLA;

On Counts II grant Plaintiff actual damages for lost wages, front pay, back pay, fringe benefits and other actual damages according to the evidence and as determined by a jury;

On Counts II grant Plaintiff general and compensatory damages for annoyance,

inconvenience, embarrassment, humiliation and emotional distress suffered by Plaintiff as a

direct and/or proximate result of Defendant's conduct;

On Counts II grant Plaintiff punitive damages in an amount to be determined by a

jury and sufficient to deter future improper conduct and to punish the Defendant for its reckless

and willful actions;

Prejudgment and post-judgment interest on all amounts allowed by law;

All costs incurred in pursuing this action;

Attorney fees; and

Such other relief as this Court deems fair and proper in the interest of justice.

PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES.

PLAINTIFF, DIANA STARKWEATHER,

By Counsel,

s/Hoyt Glazer
Hoyt Glazer, Esq. (WV Bar No. 6479)
GLAZER SAAD ANDERSON L.C.
320 Ninth Street, Suite B
Huntington, WV 25701
T. 304 522-4149
hoyt@gsalaw-wv.com